[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Michael J. CT Page 5953 Isko, was ineffective in assisting him in that he (1) failed to present the testimony of the petitioner's sister to demonstrate that she had no interaction with the victim; (2) failed to adequately investigate the circumstances of the death of the victim; and (3) failed to protect the petitioner's right to appeal to the United States Supreme Court, all of which is set out in the first count, and claims in the second count that said attorney had a conflict of interest which prejudiced the petitioner in that he represented the victim in a previous matter. On January 29, 1999 the petitioner added a third count of a due process violation.
The petitioner was arrested on a charge of murder in connection with the death of Ragar J. Overstreet on August 26, 1992 at 10 Bronson Street in Waterbury. The arrest resulted from the identification of the petitioner by five witnesses who saw the petitioner confront the victim at said location, argue with him for several minutes and then pull out a gun and shoot the victim. Within hours of the victim's death, the five witnesses viewed an array of photographs at the police station and each separately selected the photograph of the petitioner as the perpetrator.
The petitioner was called as his only witness. He testified that he had requested two witnesses to be called on his behalf, his sister Angela and her landlord because a witness, who testified as an eyewitness, claimed to have known the petitioner prior to the shooting through his friendship with his sister Angela but had given an address which was not where she lived. He also testified that he requested Isko to withdraw from his case because Isko had at one time represented the victim which the petitioner claimed to have been a conflict in his representation of him and he produced a letter from Isko to him dated September 27, 1993, Petitioner's Exhibit 15. He claimed that even though Attorney McKay was listed as his co-counsel that he was only there for the start of trial and did not participate much because of counsels' differences as to trial strategy. He also stated that his defense was that he was not there as his alibi witness, Judy Cromwell, testified and that there was no interaction of Overstreet with his sister which would bear upon the alleged eyewitnesses' claims that the shooter stated Overstreet spat upon his sister Angela.
Attorney Isko was called by the respondent and testified that the petitioner's case was his first murder trial and that McKay CT Page 5954 was assigned as co-counsel. He recalled receiving a communication from the petitioner concerning his representation of the victim early in September, 1993 and looked up the records. He determined that he was assigned to Overstreet on a charge of larceny and that very day Overstreet decided to plead to the charge and be sentenced without the reference for a PSI. Overstreet did not communicate any confidential matters to him and it ended up as a one-day contact. He felt that he had no basis for moving to withdraw and communicated that to the petitioner. Petitioner'sExhibit 15. Prior to the start of trial Isko made known to the trial judge in a chambers conference the Overstreet representation which was then placed on record.
See Respondent's Exhibit B.
The court finds that the petitioner is a poor recorder of history. His attorney, McKay, did participate throughout the entire trial, questioning witnesses during the evidentiary portion of the motion to suppress identification, Petitioner'sExhibit 3, as well as during the trial, Petitioner's Exhibits 5and 7 and 9, and gave the closing argument for the defense,Petitioner's Exhibit 9, and was present during the deliberation of the jury and the rendering of its verdict. Petitioner'sExhibits 10-13.
Lawrence Bernard Saunders, a nephew of the victim had testified at the criminal trial that he was with his uncle when he was shot by a person whose nickname was Akeem whom he had met during the previous week at the apartment of Akeem's sister Angela. He identified this person through an array of photographs and at the trial as the petitioner. He testified that he was a friend of Angela for several years and visited her almost daily. Angela was not called as a witness in his criminal trial but McKay argued to the jury that it was not proved that the petitioner was even called Akeem nor ever had a sister nor that there was an interaction with the victim by anyone associated with the petitioner, with the obvious attempt to enhance the claim of misidentification of the petitioner by said witness. Angela was not called as a witness in this hearing.
As to the claim of the petitioner that Isko, by having represented the victim resulting in a conflict of interests, the petitioner has a two-pronged task. He must establish (1) that counsel actively represented conflicting interests and (2) that an actual conflict of interest adversely affected his lawyer's CT Page 5955 performance. Phillips v. Warden, 220 Conn. 112, 133. The inquiry is done on the facts of the particular case. Id., 134. His claim is that single one day representation had caused him to show sympathy for the victim which deprived the petitioner of conflict-free representation. His cross-examination of family members and his argument in claim of the motion to suppress identification evidenced no such sympathy. See Petitioner'sExhibit 3. In that the past criminal offense of Overstreet was unrelated to the offense here, no confidential communication having been made and Overstreet was dead, there appeared no potential interest would arise adverse to the interests of the petitioner represented by Isko. State v. Jennings, 216 Conn. 647,655. Where neither an actual nor potential conflict of interest exists, it is unnecessary for the court to inquire further or to obtain a waiver from the defendant. State v. Cruz,41 Conn. App. 809, 816.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to prove counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 359. The main thrust at trial was identification. The motion to suppress identification was fully heard by the trial court and the petitioner has brought nothing to this hearing to demonstrate that the trial court's decision to deny the motion was not warranted. The jury had before it the testimony of witnesses who had made identification and the testimony of the petitioner's alibi witness and were in a position to judge the credibility of such witnesses. The petitioner has not demonstrated a constitutional issue of merit.
The petitioner has failed to prove that there is reasonable probability that the result of the proceedings would be different even if Angela had testified or Isko withdrew from the trial.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee CT Page 5956